jewelry to Cregier, Remus gave him notice of his ownership. There was a finding and decree in Remus' favor, and Bedard appeals.

KING, BROWER & HURLBUT, for appellant.

GEORGE REMUS, *pro se;* MORRIS K. LEVINSON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ASSIGNMENTS, § 36*—*when assignment not shown.* Evidence *held* not to show an assignment, legal or equitable, of personal property by a client to an attorney, but rather a mere unfulfilled promise to deliver such property in the future as security.

2. INTERPLEADER, § 19*—*when allowance of attorney's fees erroneous.* Allowance of a portion of complainant's attorney's fees on a bill of interpleader, which fees were taxed to one of the defendant's, *held* error.

---

Lillian MacNeel, Appellee, v. N. J. Eisendrath, Appellant.

Gen. No. 20,866.   (Not to be reported in full.)

Appeal from County Court of Cook county; the Hon. J. J. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Action by Lillian MacNeel against N. J. Eisendrath on an oral contract for employment for one year at twenty-five dollars per week, to recover for a portion of the year plaintiff was not given employment. The defense was that the contract was for service in a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Karen et al., v. Bartholomae & Roesing Brewing and Malting Co.,
195 Ill. App. 21.

particular building afterwards destroyed by a flood, that the contract contemplated its continued existence, and that the destruction of the building terminated the contract and excused further performance. From a judgment for the plaintiff, defendant appeals.

DAVID S. EISENDRATH, for appellant.

MORSE IVES, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 601*—*when motion for new trial necessary.* The sufficiency of evidence to sustain a judgment will not be inquired into where the record does not show a motion for a new trial.

2. APPEAL AND ERROR, § 768*—*what record must show.* The question of error in the giving of an instruction will not be reviewed on appeal where the record does not show at whose instance any of the instructions were given.

3. MASTER AND SERVANT, § 82*—*what evidence is inadmissible in suit for wages.* In a suit on a contract of employment claimed to have been terminated by the destruction of the building where the plaintiff was employed, there was no error in rejecting proof of the defendant's contract for the building in question, as the only effect of the proof would have been to corroborate an undisputed question of fact.

---

## P. Karen, L. Karen and Mendel Mandel, Appellees, v. Bartholomae & Roesing Brewing and Malting Company, Appellant.

### Gen. No. 20,898.

1. CONTRACTS, § 129*—*when contract void.* A contract made in violation of statute is void, and when a plaintiff cannot establish his cause of action without relying on an illegal contract he cannot recover.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.